Parker, J.
I think it is necessarily to be inferred from the record in this case, that there never was such an accounting together between the plaintiff and defen *383 dant, as would support the count of insimul computassent between Sutton and the plaintiff as executor. If there had been, no question could have arisen on the act of limitations, since five years had not elapsed from the death of the testator until the bringing of the action, and any liquidation of the accounts within that period would have been conclusive evidence to rebut the plea of the statute. The bill of exceptions, however, states that the only evidence offered by the plaintiff upon that plea, was that the defendant had acknowledged the debit side of the testator’s account to be just, but that be had some offsets; and that he afterwards promised the plaintiff, he would settle all differences, and would not avail himself of the act of limitations. These were the only promises or acknowledgments made to the plaintiff the executor, and they are the acts relied on to take the case out of the influence of the statute. But these acknowledgments and promises made to the executor do not maintain the issues, that the defendant had not accounted with the testator within five years, and that he had made no such assumpsits to him within five years— issues made up on the first, third and fourth counts. That promises to the executor, or an accounting with him, will not cohere with promises charged to be made to the testator, or an accounting with him, is shewn by the cases of Green v. Crane, 2 Ld. Raym. 1101. Sarell v. Wine, 3 East 409. Ward v. Hunter, 6 Taunt. 210. Pittam v. Foster, 1 Barn. & Cres. 248. and Tanner v. Smart, 6 Barn. & Cres. 603. 13 Eng. C. L. Rep. 273. And see Jones v. Moore, 5 Binney 573.
Nor do they support the second count, of an insimul computassent between the plaintiff as executor and the defendant, since they do not shew that any account had been stated, settled and liquidated between them, without some evidence of which, or of something equivalent, a plaintiff cannot recover on that count. Evans v. Verity, 1 Ryan & Moody 239. 21 Eng. Com. Law Rep. *384 427. and cases referred to in 1 Saunders on Plead. & Evid. 31. On the contrary, the evidence clearly proves that the defendant did not intend to admit an ascertained balance due from him, nor indeed any balance; for he spoke of offsets to be adjusted and settled after-wards, which might amount to more than the items he acknowledged to be just, and render evidence necessary of the precise sum due.
I am inclined, indeed, to think, that under no form of pleading, could the acknowledgments and promises proved in this case, coupled with a claim of offsets to an indefinite amount, have had the effect of taking the case out of the statute of limitations. I had occasion to advert to the modern decisions on this subject, in the recent case of Aylett’s ex’or v. Robinson,* and I heartily approve their spirit. If an acknowledgment is relied on, flltt ought to be a direct and unqualified ad mission of a preíjísent subsisting debt, from which a promise to pay would naturally and irresistibly be implied. Where the amount-is left open, and is to depend on proof aliunde, the wholesome objects of the statute, in affording security against stale demands, would be defeated ; for it might be as difficult for the defendant, from forgetfulness of the transaction, or the death or removal of witnesses, to prove his offsets, as to explain the original transaction. The very claim of offsets rebuts the presumption of a promise to pay, and shews that the acknowledgment goes no farther than to the original justice of the account; which is not sufficient. See Clementson v. Williams, 8 Cranch 72. and the cases cited in Aylett’s ex’or v. Robinson. To allow an acknowledgment of an unsettled demand, liable to be diminished by offsets, to take the case out of the statute, lets in most unsatisfactory proof of the quantum of damages, and has induced the jury in this very case to imply a promise to pay the whole amount of the account, although the defendant insisted he had *385 some offsets against it, which, after the lapse of time, rni * he might have been unable to prove. Ihus a promise is raised by implication of law, from an acknowledgment coupled with a claim, which shews conclusively that the defendant never intended to promise to pay the entire debt.
The subsequent promise to settle all differences, is subject to the remarks made in the case of Aylelfs ex'or v. Robinson, and in that of Bell v. Morrison, 1 Peters 351. where similar expressions occur. If the promise to settle is construed into an admission that some balance was owing, it is no ground from which to imply a promise to pay any balance which a party may assert or prove before a jury. See the case last cited, p. 366.
The promise by the defendant that he would not, after a fair settlement, take advantage of the act of limitations, could only avail the plaintiff (after shewing that such a settlement had been made inter partes) as a justification to the jury in implying a promise to pay the balance, without proof of an express promise. No consideration arises upon such a promise, until the debt is established.
For these reasons, I am of opinion to reverse the judgment.
Cabell, J.
It was well said by judge Story, in Bell v. Morrison, 1 Peters’ Rep. 360. that the statute of limitations was “intended to be, emphatically, a statute of repose. It is a wise and beneficial law, not designed merely to raise presumption of payment of a just debt, from lapse of time, but to afford security against stale demands, after the true state of the transactions may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses.” If this principle be correct (and I believe it to be inconlrovertibly so) no promise which is founded merely on the consideration of the old debt, and which still leaves the *386 party exposed to the inconveniences which the statute was intended to remedy, ought to revive the old debt, anc[ ta]je the case out 0f the statute.
Let us see what were the facts of this case. The original justice of the plaintiff’s demand was admitted; but the defendant insisted that he had offsets against it, the nature and amount of which he did not specify: he said, however, he would settle fairly, and would not plead the statute of limitations. The utmost that even a jury could infer from all this, is a promise to pay an unascertained balance. That balance might be one cent only; or it might be within one cent of the original amount of the plaintiff’s demand. What it really was, depended on testimony aliunde. This promise, then, certainly left the defendant exposed to all the inconveniences arising from the loss of testimony in relation to his offsets; and we cannot therefore give effect to it, without frustrating the great object of the statute. This very case shews the evils of such a course; for here, the promise relied upon was a promise to pay a part only of the demand, and yet the jury have given the whole.
I am of opinion to reverse the judgment, and to award a new trial.
Tucker, P.
Following, as I feel bound to do, the decision in Aylett’s ex'or v. Robinson, I do not see how the acknowledgment in this case can be considered as taking the demand out of the operation of the statute. The superiour court ought therefore to have given the instruction asked for. Having refused to do so, the judgment must be reversed, and a new trial awarded, upon which the instruction asked for must be given, if it should be required.
Judgment reversed.

 Reported ante, p. 45.