## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### GOVER v. CHAMBERLAIN.

#### APRIL 28th, 1887.

:SIMPLE CONTRACT—*Statutes of limitation—Case at bar.*—Writing not men-
tioning "seal" in its body, but having scroll attached to the signature,
is only a simple contract. The bar of five years applies. And it can
be taken out of its operation, not by part payment or promise to
settle, but only by promise in writing to pay it, or an acknowledgment
in writing such that a promise to pay it must be inferred therefrom.

Error to judgment of circuit court of Loudoun county,
rendered April 28th, 1887, in the action in which Samuel
A. Gover was plaintiff and S. E. Chamberlain was defend-
:ant. Judgment being for defendant, plaintiff obtained a
writ of error and *supersedeas.* Opinion states the case.

*Ed. Nichols,* for the plaintiff in error.

*J. W. Foster,* for the defendant in error.

HINTON, J., delivered the opinion of the court.

We are of opinion that judgment was properly rendered
·for the defendant in error in this case, because the plain-
tiff's claim was barred by the statute of limitations.

The debt due the plaintiff was contracted prior to Jan-
·uary 1, 1871, and is evidenced by the following note:

"$507. WATERFORD, VA., *January 1st*, 1871.

"One day after date I promise to pay to Samuel A. Gover, or order, the sum of five hundred and seven dollars, for value received.

"S. E. CHAMBERLAIN. [Seal.]"

And this note is credited by several partial payments, the last undisputed one of which was made on the twenty-ninth of May, 1879; and it is supposed that the effect of this and a preceding payment, made on the tenth November, 1878, is to take the case without the operation of the statute. But this supposition is clearly unfounded. The statute began to run in January, 1871, and the debt became barred in January, 1876.

It is argued, however, that conceding this to be true, that there has been a new promise in writing which takes the case without the statute. But upon a careful consideration of the evidence, we are satisfied that such is not the case; for, giving to the language of the letters relied upon to establish the new promise its largest import, it does not amount to such an acknowledgment of the debt as that a promise to pay may be implied from it, and it is well settled that a promise merely to settle with the claimant is not sufficient. *Ayletts* v. *Robinson*, 9 Leigh, 45; *Bell* v. *Crawford*, 8 Gratt. 110.

The judgment of the circuit court is right, and must be affirmed.

FAUNTLEROY DISSENTED.

JUDGMENT AFFIRMED.