# Richmond

## CARPENTER V. CAMP MANUFACTURING COMPANY AND OTHERS.

March 9, 1911.

1. APPEAL AND ERROR — *Inseparable Provisions* — *Acceptance of Part.*—Where the provisions of a decree are inseparable, a party cannot, as a rule, avail himself of that portion of it which is agreeable to him, and secure its fruits, while prosecuting an appeal to reverse in the appellate court such portions as militate against him.

Appeal from a decree of the Circuit Court of Brunswick county. Decree for the complainant. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*Marvin Smithey* and *R. B. Davis,* for the appellant.

*E. P. Buford* and *E. R. Turnbull, Jr.,* for the appellees.

KEITH, P., delivered the opinion of the court.

The record discloses the following facts: The Camp Manufacturing Company filed its bill against W. R. Carpenter and others, in which it alleges that it is extensively engaged in buying standing timber and timber lands, and the manufacture of timber into lumber; that it has erected and equipped large manufacturing plants, and in order to conduct its business successfully it is necessary that it should buy great quantities of standing timber, not only in the immediate vicinity of its plants, but in other localities, and to build and equip railroads for the purpose of transporting its timber and raw material; that on the first day

of July, 1909, it purchased from W. R. Carpenter several tracts of land and timber for a consideration of $8,640.65, of which $649.40 was to be paid on the first day of February, 1910, and the balance of the purchase money to be represented by three notes, payable at six, twelve and eighteen months from the first of February, 1910, secured by vendor's lien reserved in the deeds on the property therein conveyed. These notes were filed by the plaintiff in the cause, and placed under the control of the court. The plaintiff further alleges that a material consideration and inducement to it to enter into this contract is embodied in the following provision contained therein:

"It is further understood and agreed by the parties hereto that in consideration of the purchase by the party of the second part of the land and timber mentioned in this contract, and as ancillary to this agreement and to the deeds above mentioned, the party of the first part is to execute to the party of the second part a further agreement binding the said party of the first part not to purchase any land or timber between the Roanoke river and the Meherrin river, in the county of Brunswick, Virginia, nor in the State of North Carolina, between the Brunswick county line and the Roanoke river."

The deeds provided for in this contract were executed by W. R. Carpenter and placed in escrow with the Bank of Lawrenceville, Virginia, to be held by it until the first of February, 1910, at which time the agreement was to become final and the notes for the deferred payments were to be delivered. The Camp Manufacturing Company in the meantime conceived that it had reason to believe that Carpenter was not keeping faith with it, and thereupon filed its bill, praying that Carpenter might be restrained from making purchase of lands in violation of his covenant. An injunction was awarded in accordance with the prayer of the bill, which Carpenter answered, the ground of his

defense being that the contract set up in the bill tends to produce a monopoly, is in restraint of trade, contrary to the public policy of this State, and is, therefore, null and void. .

Proofs being taken, a decree was rendered which maintains the equity of the bill subject to certain qualifications and restrictions as to purchases at public auction under deeds of trust and other compulsory process, imposing certain limitations as to time during which the covenant should be operative, and reserving leave to the parties to apply to the court for further relief, should a proper occasion arise. It was further decreed that the notes executed for the deferred payments, dated February 1, 1910, and payable to W. R. Carpenter, should be delivered to him or to his attorney, who were authorized to withdraw the notes from the papers in the cause.

It will thus be seen that the court, in a carefully prepared opinion, undertook to dispose of all matters in controversy between the parties; that it upheld the contention of the Camp Manufacturing Company with respect to the covenant which Carpenter had entered into not to purchase land or timber within certain designated territory, and guarded this right with careful limitations and restrictions so as to prevent its abuse, and then directed the deeds which had been held in escrow by the Bank of Lawrenceville to be delivered by it to the Camp Manufacturing Company and the notes representing the purchase price to be delivered to Carpenter.

We deem these facts sufficient to enable us to dispose of this case.

Carpenter availed himself of the authority conferred upon him by the decree, withdrew the notes from the record, and then applied for and obtained an appeal from the decree by force of which they had been delivered to him. The appellee has moved that the appeal be dismissed upon

the ground that a party cannot avail himself of that portion of a decree which is favorable to him and secure its fruits while prosecuting an appeal to reverse in the appellate court such portions as militate against him.

The provisions of this decree are inseparable. The consideration for the deeds made by Carpenter to the Camp Manufacturing Company consisted not alone of money, but in part of the covenant which is the subject of controversy; and the authorities speak with one voice on the subject.

The law is thus stated in 2 Cyc. at p. 652: "A party cannot avail himself of that portion of a decree which is favorable to him and secure its fruits while prosecuting an appeal to reverse in the appellate court such portions as militate against him." The only exceptions to the rule are, where the parts of the judgment or decree are separate and independent, and the receipt of a benefit from one part is not inconsistent with an appeal from another; or where the right to the benefit is conceded by the opposite party, so that it could not be denied should the other portions of the decree granting it be reversed.

Many authorities are cited in support of this proposition, which is consonant to reason and good faith. See *Moore v. Williams,* 29 Ill. App. 597; *Bennett* v. *Van Syckel,* 18 N. Y. 481.

In 4 Am. & Eng. Enc. L. & Prac., p. 100, the statement is to the same effect: "It is a general rule that a party may not accept a benefit based on the legality of an adjudication, and thereafter be heard to complain that it is erroneous." Citing *Williams* v. *Richards,* 152 Ind. 528, 53 N. E. 765; *Murphy* v. *Spaulding,* 46 N. Y. 559, and other cases.

For these reasons we are of opinion that the appeal should be dismissed with costs.

*Appeal dismissed.*