## Richmond.

### WALTER v. WHITACRE AND OTHERS.

#### January 18, 1912.

1. APPEAL AND ERROR—*Right to Appeal—Waiver—Estoppel—Case in Judgment.*—Where a party to a suit for the construction of a testator's will and the administration of his estate under the care of the court not only received what, under the decree construing the will, she was entitled to, but also brought a suit based upon that construction of the will, and procured a sale of a part of the real estate devised by the will, and a distribution of the proceeds among the parties, as ascertained and determined by the decree construing the will, she cannot appeal from the last-mentioned decree. The right to bring such suit, and the right to appeal from said decree, are wholly inconsistent, and the election to bring the suit and have the fruits thereof distributed as aforesaid was a renunciation of the right to appeal from the decree which she sought to and did enforce in the other suit.

2. LIMITATION OF ACTIONS—*Acknowledgment—Bill Signed by Counsel Only—Unsigned Inventory.*—A bill in chancery filed for the construction of a testator's will and the administration of his estate under the care of the court, which is signed by counsel only, and an unsigned inventory, filed therewith as an exhibit, which lists as a debt due by the complainant to the testator, are not such acknowledgments by the debtor or his agent as will take the debt out of the bar of the statute of limitations, in the absence of any evidence that the counsel was authorized to make an admission of indebtedness.

3. APPEAL AND ERROR—*Master's Report—Exception for First Time.*—A party to a suit in chancery cannot except to a commissioner's report on one ground in the trial court, and rely upon a wholly different ground in the appellate court, unless the objection made in the appellate court is apparent upon the face of the report.

Appeal from a decree of the Circuit Court of Frederick county. Decree for the complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*R. T. Barton,* for the appellant.

*Ward & Larrick, M. M. Lynch,* and *Sipe & Harris,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The first question to be determined is the motion of the appellees to dismiss this appeal. The ground of the motion to dismiss is that the appellant has waived her right of appeal, or is estopped from asserting it.

The facts and circumstances relied on to establish such waiver or estoppel, briefly stated, are as follows: James P. Whitacre died in the year 1909, leaving valuable real and personal estate, which he disposed of by his last will to his widow and his six brothers, who were his next of kin. The widow and one of the brothers qualified as executrix and executor of the decedent's estate. During the same year the six brothers, five in their own right and one in his own right and as one of the executors of James P. Whitacre, instituted their suit for the purpose of having the will construed, as to which construction they alleged that they and their deceased brother's widow differed, the interest of the parties in his estate ascertained and determined, the creditors convened, and the estate administered under the direction of the court, and for general relief.

The appellant, the decedent's widow, answered the bill, admitting that she and the other parties in interest differed as to the construction of her husband's will, praying for a construction thereof, and for substantially the same relief sought by the bill.

In March, 1910, a decree was entered construing the will and ordering accounts necessary to enable the court to carry out the purposes for which the suit was brought. By that decree the circuit court held that the appellant took under her husband's will a life estate in a house and lot, described as No. 215 north Washington street, in the city of Winchester, an absolute estate in all the tangible personal property in and upon the said premises, and, after the payment of the testator's debts, etc., a one-third interest in fee in his other real estate and a one-third interest absolutely in his other personal estate; and that the six brothers were entitled to the residue of the testator's property, after the payment of his

debts, etc., and the payment or setting apart of the several devises and bequests made the appellant.

In May, 1910, the appellant filed her bill in the same court against the six brothers, who were the complainants in the above-described suit, in which her husband's will was construed and the rights of the parties ascertained and determined, in which she set out the proceedings had in that suit, the construction placed upon the will and what the rights of the parties were under that construction, and made the bill, answer, and decree in that case a part of her bill. It was further alleged in her bill that the Washington street property was not susceptible of partition in kind, and that it would be to the interest of all parties to sell that property and divide the proceeds among them. After giving reasons why it was best that the property should be sold and the proceeds divided, and that she was willing to accept a gross sum in lieu of her life estate therein, she prayed "that the interest of your complainant in said premises, as adjudged and determined by said decree of March 2, 1910, be commuted and determined, and paid to her in a gross sum in cash out of the proceeds of said sale; that the balance of said proceeds of sale be distributed and paid to the parties entitled thereto as adjudged and determined by said decree. * * *"

The relief prayed for was granted, except as to commutation of the value of the appellant's life estate in the property sold. Her one-third interest in fee in the proceeds of the sale was paid to her, and the other two-thirds of the proceeds of the sale, in which she had a life estate, was placed in the hands of a receiver, who was directed to pay the appellant during her life the income, interest, and profits thereof, and the cause placed upon the "deferred docket," with the right to any party in interest to ask for such further order as might be necessary.

After that suit was brought, such proceedings were had in the suit for the construction of the will and the administration of the decedent's estate as resulted in a sale of all his other real estate, consisting of several tracts, and a division of the proceeds thereof, and a distribution of the other personal estate of the decedent ordered to be made, and made to a very large extent between the appellant and the other devisees and legatees of the testator,

in accordance with the will as construed by the court in that case—without objection or exception by the appellant as to the manner of division and distribution.

By these appeals the appellant seeks to have this court review and reverse three decrees of the circuit court. One of them is the decree which construed her husband's will and ascertained and determined the rights of herself and the other legatees and devisees therein, and another is the decree which directed that the division and distribution of the proceeds of the real estate of her husband, other than the Washington street property, should be made in accordance with the construction which the court had placed upon the will. If this court were to take cognizance of these appeals, and place the construction upon the will which the appellant claims is the proper construction, she would take a much larger interest in her husband's estate than the circuit court decided that she had, and it would result in reversing the decree in which the will was construed, and in reversing or modifying the decrees based upon that construction, under which the proceeds of sale made in that case were distributed, by compelling other legatees to pay back money which had been paid them under decrees carrying out the provisions of the will as construed by the circuit court—a construction which the appellant has not only acquiesced in, by not objecting or excepting to the manner of distributing the testator's estate, but a construction upon which she based her right to the relief sought and obtained in the suit for the sale of the Washington street property.

This is a very different case from the *Southern Ry. Co.* v. *Glenn,* 98 Va. 309, 319, 36 S. E. 395, and cases therein cited, and relied on by the appellant to show that she has not by her conduct lost her right of appeal from the two decrees mentioned. In that case it was held that where a decree is entered for less than a party claims, the mere receiving payment of the sum so decreed did not estop him from appealing from the decree as to the sums not allowed. But in this case the provisions of the decree construing the will were inseparable, and the appellant did not merely receive what, under the decree construing it, she was entitled to, but she brought a suit based upon that construction of the will, and asked to have sold and divided the proceeds of the Washington street property

among the parties as ascertained and determined by the decree construing the will. The right to do this and the right of appeal from the decree were not concurrent, but, on the contrary, weer totally inconsistent rights. Her election to bring the suit for the sale of the Washington street property, and to have the proceeds divided between her and the other parties in interest, in accordance with the construction placed upon the will by that decree, was a renunciation of her right to appeal from that decree, which she was seeking to and did enforce in the other suit. See *Carpenter* v. *Camp Mfg. Co.*, 112 Va. 88, 70 S. E. 496, and *Bennett* v. *Van Syckle*, 18 N. Y. 481, 483-4, cited with approval in that case. See also *McKennon* v. *Wolfenden*, 78 Wis. 237, 47 N. W. 436.

We are of opinion that the appellant is estopped from appealing from the decrees of March 2, 1910, and of August 25, 1910, and that the motion to dismiss her appeal from those decrees must be sustained.

The other decree appealed from was entered on the 7th of April, 1911, and has no such connection with the construction of the will or the distribution and division of the testator's estate under that construction as estops the appellant from appealing from that decree, so far as it involves the question whether or not a debt alleged to be due from W. C. Whitacre to the estate of the testator was barred by the statute of limitations.

The appellant insists that the court erred in holding that the debt in question was barred by the statute of limitations, because the bill in the case filed by W. C. Whitacre and others contains an acknowledgment of the debt due from him, which amounts to a new promise, under section 2922 of the Code, and thus removes the bar of the statute of limitations. 2d. Because the deposition of W. C. Whitacre, taken in the cause, contains such an acknowledgment of the debt as amounts to a promise to pay, and removes the bar of the statute, under the provisions of section 2922 of the Code. 3d. Because W. C. Whitacre is estopped by his bill from pleading the statute of limitations. 4th. Because the commissioner's report of May, 1910, and the decree of June, 1910, are a binding adjudication of the validity of the said debt.

The court is of opinion that this assignment of error cannot be sustained upon either of the grounds relied on. While the

inventory filed with the bill does list the debt in question as due from W. C. Whitacre, it was not signed by him or his agent; neither was the bill with which it was filed signed by him, but by his counsel who brought the suit for him and others for a construction of his brother's will, and a settlement, division, and distribution of his estate under the direction of the court. Taking into consideration the purpose for which the suit was brought, and that the bill was only signed by counsel employed to bring the suit, and without any evidence to show that he was authorized to make any admission that would amount to a new promise to pay the debt, we are of opinion that it was not such an acknowledgment of indebtedness by the debtor or his agent that a promise to pay would naturally and irresistibly be implied, as is required by section 2922 of the Code. *Diuguid* v. *Schoolfield*, 32 Gratt. (73 Va.) 803, 807-8,. and authorities cited.

Neither is there any such acknowledgment in the deposition of W. C. Whitacre. In that he denies that the debt stated in the inventory is a correct statement of what he owes his brother's estate, and it cannot be considered as containing an unqualified and direct acknowledgment of a subsisting indebtedness, from which a promise to pay could be inferred. *Diuguid* v.. *Schoolfield*, *supra*, 807-8, and authorities cited.

Neither of the other grounds upon which this assignment of error is based can be considered, since no such objections were made to the commissioner's report. A party cannot except to a commissioner's report on one ground in the trial court, and rely upon a wholly different ground in the appellate court, unless. the objection made in the appellate court is apparent upon the face of the report.

We are of opinion that the decree of the April term, 1911,. appealed from, should be affirmed.

*Affirmed.*