# Richmond

GEORGE F. LAYMAN v. MARGARET LAYMAN AND GEORGE E. PHILLIPS.

October 7, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Conrad & Conrad* and *K. C. Moore,* for the plaintiff in error.

*F. S. Tavenner* and *Hammer & Hammer,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Margaret M. Layman instituted this action in August, 1935, against George E. Phillips and George F. Layman, former partners trading under the name of Phillips and Layman, to obtain a judgment for $1,800 on a note bearing date November 23, 1928, payable one day after date to her order, and signed Phillips and Layman, by G. F. Layman.

George F. Layman plead the five-year statute of limitations (Code 1919, section 5810), and George E. Phillips filed a plea of bankruptcy. To remove the bar of the statute of limitations, plaintiff gave notice that she would rely upon the following: (1) the written acknowledgment of the debt made by George F. Layman in his deposition taken in the chancery cause of Laird L. Conrad, Trustee v. G. F. Layman and others, then pending in the circuit court of Rockingham County, and (2) a written contract executed by the partners and their wives bearing date February 5, 1932.

The trial court, without a jury, held that bankruptcy was established, and that the two writings acknowledging the debt tolled the statute of limitations. Judgments were accordingly entered for the defendant, George E. Phillips, on his plea of bankruptcy, and against the defendant, George F. Layman, on his plea of the statute of limitations.

The only error assigned is that "the trial court erred in finding that there was a new promise or acknowledgment in writing sufficient to revive the debt as against the partnership and your petitioner" (George F. Layman).

By mutual consent the partners dissolved the partnership, and by written agreement, bearing date February 5, 1932, agreed to divide the assets of the business, which consisted, in the main, of two tracts of land. The provisions of the contract dealing with the outstanding obligations of the firm are as follows:

"It is further agreed and understood by both parties that they divide the outstanding notes or bonds equally that bears the signatures of Phillips and Layman of which notes and bonds they both know of and of which notes or bonds the amount of which will approximately be given and described in this agreement, namely Margaret Layman's note ($2,000.00) * * * . That both parties agree there will be a small amount of interest on some of these bonds, and both agree to take care of the same. It is agreed by both parties that the parties of the first part (George E. Phillips and Cora Phillips, his wife) agree to assume payment of a ($2,000.00) dollar note now held by Margaret Layman * * * . It is agreed by both parties, that the parties of the second part agree to assume payment of the remainder of the said notes or bonds of which is described in this agreement."

Defendant contends that this writing is not sufficient either as a new promise, or as an acknowledgment of the debt from which a promise of payment may be implied, because the evidence does not show that the new promise or the acknowledgment of the debt was made to the creditor or her authorized agent.

Lord Mansfield held that under the statute, lapse of the time stated in the acts of limitations raised a presumption of payment, which, like other presumptions, might be repelled by evidence, and hence that a new promise of the debtor, whether express or implied, was only evidence of the pre-existing debt and gave no new cause of action. Later this theory, both in England and America, was overturned, and the statute was construed to be one of repose, and the new promise was construed as a new contract and actionable as such. Under this theory it is generally held that a promise sufficient to toll the statute should be made directly to the creditor or some person acting for him, and that declarations or admissions to strangers are insufficient. See *Levensaler* v. *Batchelder,* 84 N. H. 192, 150 A. 114; *Burdue* v. *Lamb,* 120 Kan. 502, 243 P. 1029; *Addison* v. *Stafford,* 183 Wash. 313, 48 P. (2d) 202; *People* v. *Honey*

*Lake Valley Irr. Dist.,* 77 Cal. App. 367, 246 P. 819; *In re Azevedo's Estate,* 17 Cal. App. (2d) 710, 62 P. (2d) 1058; *Folk* v. *Russell,* 7 Baxt. (66 Tenn.) 591; *Cox* v. *Monday,* 264 Ky. 805, 95 S. W. (2d) 785; *In re Kelly's Will,* 151 Misc. 277, 271 N. Y. S. 457; Burks' Pleading and Practice, Third Edition, p. 376.

The Virginia statute, section 5812, provides: (1) that the new promise shall be in writing and signed by the debtor or his agent; (2) that the action may be based upon the new promise or the original cause of action, unless the latter is merged with the former; (3) that "an acknowledgment in writing, from which a promise of payment may be implied, shall be deemed to be such promise in the meaning of this section."

Under these provisions and the former acts of limitations this court has held:

■ (a) That the statute is one of repose and "that the subsequent promise or acknowledgment, to take the case out of the statute, ought to be such a one as if declared upon would support an action of itself; that is, it must be an express promise to pay, or such an acknowledgment of a balance then due, unaccompanied by reservations or conditions, as that a jury ought to infer from it a promise to pay." *Aylett's Ex'r* v. *Robinson,* 9 Leigh (36 Va.) 45. See *Sutton* v. *Burruss,* 9 Leigh (36 Va.) 381, 33 Am. Dec. 246; *Bell* v. *Morrison,* 1 Pet. (26 U. S.) 351, 7 L. Ed. 174.

■ (b) "A promise to pay a debt, made to a person not legally or equitably interested in the same, and who does not pretend to have had any authority from the creditor to call upon the debtor in relation to the debt, will not avoid the bar of the statute. * * * . It is said that the declaration or admission to a third person is deemed insufficient, not so much because the acknowledgment is made to a stranger as because there is no sufficient evidence of an intention to contract." *Dinguid* v. *Schoolfield,* 32 Gratt. (73 Va.) 803, 810, 811.

■ (c) Part payment of principal or interest is not a sufficient acknowledgment of the debt to prevent the opera-

tion of the statute. *Gover* v. *Chamberlain*, 83 Va. 286, 5 S. E. 174; *Becker & Co.* v. *Norfolk & W. Ry. Co.*, 125 Va. 558, 100 S. E. 478; *Quackenbush* v. *Isley, Ex'x*, 154 Va. 407, 153 S. E. 818; *Gwinn* v. *Farrier*, 159 Va. 183, 165 S. E. 647. This holding is based on the provision of the statute that requires the acknowledgment of the debt to be in writing.

The decision of the case turns upon the application of these principles to the facts established by the evidence. The writing offered to establish the new promise contains a direct and unqualified admission of a present subsisting debt due by the partnership and is signed by all the partners. It contains a promise by both partners to pay all interest which might be then due upon four named obligations, including the debt due the plaintiff. It is shown by the record that approximately four years' interest was due on the date the contract was written. The agreement gives to defendant a substantial part of the partnership assets. It seems, then, that the contract of dissolution was made not only for the benefit of the partners but for the benefit of the partnership creditors named therein.

Defendant virtually concedes that the written agreement is sufficient to revive the debt against George E. Phillips, but contends that it is not sufficient to revive the same debt against him because the evidence does not show that the writing was communicated or delivered to plaintiff. If the written obligation, without delivery to the creditor, is sufficient to revive the debt against George E. Phillips, it would seem to be sufficient, without actual delivery, to revive it against George F. Layman, as the contract contains two express promises, one made by both partners to pay past-due interest, and one made by George E. Phillips to pay the principal. Both promises were supported by adequate consideration.

The acknowledgment of the debt relied upon in *DeFreest* v. *Warner*, 98 N. Y. 217, 50 Am. Rep. 657, was couched in the following language:

"The aforesaid piece and parcel of land is this day sold and conveyed by the said Michael Warner to the said Samuel S. Warner, Michael H. Warner and Albert Warner, subject to the following amounts due by me to the parties hereinafter specified, which forms a part of the consideration above expressed, and which I charge the above estate above conveyed with the payment thereof, and which said several amounts, together with the interest, the said parties of the second part assumes and agrees to pay, to Daniel DeFreest about $600, to Mrs. DeFreest about $400, together with the legal interest thereon." This written acknowledgment was in a deed conveying certain property by the debtor to his sons.

Later an action was brought upon the notes. The statute of limitations was plead. The court, in passing upon the objection that the acknowledgment was not made to the creditor or some one acting for him, said:

"Where the acknowledgment is to a stranger, and it appears that it was the intention that the acknowledgment made to him should be communicated to and influence the creditor, it is just as effectual to defeat the statute of limitations as if it had been made directly to the creditor or his authorized agent. * * *

"The acknowledgment in the deed of the intestate to his sons was intended and well calculated to influence the action of the holder of the notes referred to. It must have been intended and expected that it would be communicated to the holder, and that it would influence his action, because the grantees were expected to make payments in the future to the holder. And whenever the provision in the deed thus came to the holder's notice he was bound thereafter to act upon the provision thus made. He was bound to receive payments from the grantees, and to recognize and treat them as the principal debtors, while the grantor remained simply surety for them. Thus we have a case where the acknowledgment was intended to influence the action of the creditor and which the creditor was bound to accept and act upon; and, therefore, it was just as effectual to

prevent the operation of the statute as if made directly to him." See *Winterton* v. *Winterton*, 7 Hun (N. Y.) 230; 1 Smith's Leading Cases, p. 975.

The facts in *Dinguid* v. *Schoolfield, supra,* were that a surviving partner, in a deposition signed by him in a former suit, to which the payee of the note was not a party, swore that the note was an outstanding obligation due by the firm. This deposition was given for the purpose of obtaining credit in that suit for the amount of the obligation. On the facts established by the deposition of the debtor, the debtor received credit for the amount of the debt. Later, the owner of the note brought an action against the debtor, the surviving partner, who plead the statute of limitations.

The same objection interposed in this case was interposed in that case; namely, that the deposition duly signed was not an acknowledgment or promise made to the creditor or to anyone acting for him. Judge Burks, the elder, in disposing of that contention, said: "The deposition of the plaintiff in error was given, probably, at his own instance, for the very purpose of establishing, among other claims, the validity and binding force upon him of the debt, the recovery of which is now sought to be defeated by reliance on the act of limitations, and it was because of his sworn statements that he received credit for the debt on his bonds. He must therefore be understood to have intended that his acknowledgment of the debt, under the attending circumstances, should be accepted as such and confided in and acted upon by the creditor to whom the debt was due. He cannot be allowed to take the benefit of the acknowledgment and then repudiate its obligation."

Some time after the dissolution agreement of the partners was executed, George E. Phillips was declared a bankrupt. In a suit brought by his trustee, George F. Layman gave his deposition, in which he again acknowleged that the debt due plaintiff was an outstanding obligation of the partnership. Plaintiff relies upon this deposition, as the deposition of the debtor was relied upon in the case of *Dinguid* v.

*Schoolfield, supra,* to toll the statute. However, plaintiff failed to prove the purpose of the suit instituted by the trustee in bankruptcy, and failed to show what benefit, if any, George F. Layman claimed or obtained in that suit. In addition, it is admitted that the signature to the deposition was waived. Under these circumstances, the deposition relied upon is not determinative of the case. See *Walter* v. *Whitacre,* 113 Va. 150, 73 S. E. 984.

The defendant cites Wood on Limitations, Vol. 1, Section 79, in support of his contention. This authority states the general rule to be that "an acknowledgment or promise, in order to take a debt out of the statute, must be made to the creditor or his agent," but in the same section the author adds:

"There are also cases where, although the acknowledgment or promise was not made directly to the creditor or his agent, yet being made for the purpose of deriving, and having derived, an advantage therefrom, it is, in effect, held that he is estopped from setting up the statute, upon the ground that he cannot be allowed to take the benefit of the acknowledgment and then repudiate its obligation. That is, where a debtor under such circumstances derives an advantage from the acknowledgment, he is treated as having intended that it should be accepted as such, and confided in by the creditor." To the same effect see 37 C. J. 1137, 1138.

The defendant derived a substantial benefit by his acknowledgment of the fact that plaintiff's debt was an outstanding obligation of the former partnership. As between the defendant and Phillips, Phillips became the party primarily liable to discharge the principal sum due. Each promised to pay past-due interest. If, immediately after the date of the contract, Phillips had, in his individual capacity, offered to pay the obligation, plaintiff, if she knew of the terms, would have been compelled to accept such payment in full discharge of the debt. If, on the other hand, the creditor had demanded payment of George F. Layman, it would have been natural for him to have said, "Phillips

has assumed this obligation. While I am primarily liable for past-due interest, I am secondarily liable for the principal sum." Under the circumstances narrated, the only reasonable inference to be drawn from the agreement of the partners is that, at the time it was written, they intended the terms affecting the debt due plaintiff to be communicated to her, as its provision was intended and well calculated to influence her action.

These conclusions are supported by sound reasoning and are in accord with the authorities cited, hence the judgment of the trial court is affirmed.

*Affirmed.*