COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


MARY L. BIERNOT

MEMORANDUM OPINION* BY
v.       Record No. 0331-08-1       JUDGE JEAN HARRISON CLEMENTS
FEBRUARY 24, 2009
JOSEPH L. BIERNOT


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick H. Creekmore, Judge

Diane Pomeroy Griffin (Diane Pomeroy Griffin, PC, on brief), for
appellant.

Gregory S. Larsen (Roy, Larsen, Carnes & Romm, P.C., on brief),
for appellee.


Mary L. Biernot (wife) appeals an order equitably distributing property from her

marriage to Joseph L. Biernot (husband).[1] On appeal, wife claims the trial court erred in

classifying a parcel of land they purchased during the marriage as hybrid property and in

assessing the value of husband's separate interest in the land. Wife also requests an award of

attorney's fees and costs incurred in this appeal. For the following reasons, we affirm the trial

court's judgment and deny wife's request for appellate attorney's fees and costs.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Husband filed a motion to dismiss claiming wife's appeal is precluded because she
accepted the benefit of the trial court's equitable distribution award by receiving payment for her
interest in the land. We disagree that wife's appeal is precluded. "[W]here a decree is entered
for less than a party claims, the mere receiving payment of the sum so decreed [does not estop
the party] from appealing from the decree as to the sums not allowed." Walter v. Whitacre, 113
Va. 150, 153, 73 S.E. 984, 986 (1912) (construing Southern Ry. Co. v. Glenn's Adm'r, 98 Va.
309, 319, 36 S.E. 395, 398 (1900)). Accordingly, we deny husband's motion to dismiss wife's
appeal and also deny both parties' requests for attorneys' fees and costs incurred in connection
with the motion.

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

On appeal, we view the evidence in the "light most favorable" to the prevailing party in the trial court and grant to that party the benefit of "all reasonable inferences fairly deducible therefrom." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). So viewed, the evidence established that husband and wife were married on December 31, 1971 and separated in August 2005. Both parties sought a divorce and equitable distribution of their property.

At a trial on these matters, husband testified that in 1974, he agreed to purchase a parcel of real estate located at 348 Biernot Avenue from his father. The parcel had remained in husband's family for several decades. Because his father needed money, husband agreed to buy the parcel from him for $15,000. Accordingly, husband's parents executed a deed conveying title of the parcel to him. From 1974 through 1976, husband and wife made ten payments with marital funds to his parents for the parcel in the total amount of $3,240. Asked by his counsel how he eventually acquired the rest of the parcel, husband responded as follows:

> Well, I wanted to build a house and the bank had half the note on the property, so daddy gave me the property outright.

Husband further stated that he and wife made no further payments to his parents.

Husband testified that in 1978, he conveyed title of the parcel to himself and wife for the purpose of obtaining a construction loan. Having obtained the construction loan, the parties built their marital residence on the parcel.

According to Richard T. Esleeck, wife's expert witness in the field of real estate appraisal, the total value of the parcel was $295,000. Esleeck further testified that the value of the land was $75,000, but he declined to assign a value for the improvements.

According to a city assessment of the parcel submitted into evidence by husband, the land value was $78,000 and the improvement value was $149,200. Using the city assessment figures, the combined total assessed value of the parcel was $227,200. Thus, the land value was approximately 34% of the total property value.

After considering the evidence, the trial court found the parcel was partially gifted to husband by his parents and classified the parcel as part separate and part marital property. The trial court further concluded the parties agreed to purchase the parcel for $15,000 and they made payments in the amount of $3,240 to husband's parents with marital funds. In addition, the trial court concluded as follows:

> Thereafter, [husband's] parents forgave the remainder of the $15,000 debt, which totaled $11,760. Therefore, the amount of the gift to [husband] from his parents was $11,760, or approximately 78% of the purchase price. Therefore, 78% of the value of the land is separate property . . . .

The trial court relied on Esleeck's figure of $295,000 for the total value of the parcel. Because Esleeck "did not distinguish between the value of the land and the value of the improvements," the trial court adopted the city assessment determination that the land value was 34% of the total value of the parcel. Utilizing the figures from Esleeck and the city assessment, the trial court calculated the land value was $100,300 (34% of $295,000). Accordingly, the trial court concluded that husband's separate interest in the land value was approximately $78,150 (78% of $100,300) and that the remaining value was marital.

This appeal followed.

II. ANALYSIS

Wife contends the trial court erred in classifying the land value of the parcel as hybrid property. Specifically, she claims the evidence does not support the finding that husband's parents forgave the remainder of the purchase price as a gift to husband.[2] Instead, she contends the parties purchased the parcel with marital funds and husband's parents forgave no part of the purchase price. Thus, she concludes, the parcel is not hybrid but is entirely marital property. We disagree with wife.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Furthermore, we will not disturb an award "[u]nless it appears from the record that the [trial court] . . . has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict in the equities." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987). "Also, we 'do[] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of witnesses.'" Ranney v. Ranney, 45 Va. App. 17, 31, 608 S.E.2d 485, 492 (2005) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).

"Because the trial court's classification of property is a finding of fact, that classification will not be reversed on appeal unless it is plainly wrong or without evidence to support it." Id. at 31-32, 608 S.E.2d at 492.

---

[2] Wife claims the trial court improperly considered husband's testimony that his father "gave [him] the property outright" because the testimony constituted a proffer presented by husband following her sustained objection. We reject wife's view of the record and conclude the testimony was not presented as a proffer.

Pursuant to the provisions of Code § 20-107.3(A)(3), property may be characterized as hybrid property when it comprises part marital and part separate interests. Holden v. Holden, 31 Va. App. 24, 27, 520 S.E.2d 842, 844 (1999); Ranney, 45 Va. App. at 32, 608 S.E.2d at 492. More specifically, property is classified as hybrid when "marital property and separate property are commingled by contributing one category of property to another . . . ." Code § 20-107.3(A)(3)(d). "[T]o the extent the contributed property is retraceable by a preponderance of the evidence . . . , such contributed property shall retain its original classification." Id. If the contributed property is not retraceable, it "shall be deemed transmuted to marital property." Ranney, 45 Va. App. at 32, 608 S.E.2d at 492.

> In order to trace the separate portion of hybrid property, a party must prove that the claimed separate portion is identifiably derived from a separate asset. This process involves two steps: a party must (1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset.

Rahbaran v. Rahbaran, 26 Va. App. 195, 208, 494 S.E.2d 135, 141 (1997) (citing Code § 20-107.3(A)(3)(d)-(f)); see also von Raab v. von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997) ("[T]he party claiming a separate interest in transmuted property bears the burden of proving retraceability.").

Applying these principles to the circumstances of this case, we conclude the evidence was sufficient to support the trial court's finding that the land value of the parcel was hybrid property. Husband testified that the parcel had remained in his family for several decades. In 1974, he purchased the parcel from his parents. Accordingly, his parents executed a deed conveying title of the parcel to husband. Husband and wife made ten payments from 1974 through 1976 with marital funds to husband's parents for the parcel in the total amount of $3,240. Sometime later, husband and wife desired to build a residence on the parcel. At that time, husband testified that his father "gave [him] the property outright."

From this evidence, the trial court could properly find that husband's parents gave him a gift by forbearing the remainder of the purchase price. In doing so, the trial court accepted husband's testimony as credible. It is well settled that "the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Anderson v. Anderson, 29 Va. App. 673, 686, 514 S.E.2d 369, 376 (1999). In addition, the trial court could implicitly conclude from the evidence that the parties ceased making payments to husband's parents in 1976. The trial court could logically infer that the suspension of the payments coincided with and resulted from husband's father having forgiven the remainder of the purchase price as a gift to husband. Thus, the trial court could find that husband proved the retraceability of his separate interest in the land value by a preponderance of the evidence. Accordingly, the evidence supports the trial court's classification of the land value as hybrid property constituting 78% of husband's separate interest and the remaining value as marital interest.

Wife further claims the trial court erred in determining the value of husband's separate interest in the land. To support that contention, wife claims the trial court accepted Esleeck's assessment of the parcel's total value as $295,000, but incorrectly adopted the city assessment determination that the land value constituted 34% of the total value of the parcel. We disagree with wife's claim that the trial court erred.

"[T]he value of property is an issue of fact, not of law." Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000). We will not disturb a trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence. Rowe v. Rowe, 24 Va. App. 123, 140, 480 S.E.2d 760, 768 (1997); Traylor v. Traylor, 19 Va. App. 761, 763-64, 454 S.E.2d 744, 746 (1995). In determining the value of marital property, "'the finder of fact is not required to accept as conclusive the opinion of an expert.'" Stratton v. Stratton, 16 Va. App.

878, 883, 433 S.E.2 920, 923 (1993) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989)).

Here, the trial court relied upon Esleeck's assessment of the total value of the parcel. Because Esleeck did not assign a value to the improvements in order to distinguish the value of the land, the trial court adopted the city assessment's proportional division of the value of the land in relation to the value of the entire parcel. Thus, the trial court utilized figures from two different sources to calculate a dollar amount for the land value. Under these circumstances, we cannot say the method the trial court employed to calculate the land value in determining husband's separate interest was plainly wrong or unsupported by the evidence.

## III. ATTORNEY'S FEES AND COSTS

Wife seeks an award of the attorney's fees and costs she incurred on appeal.

> "The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment."

Rice v. Rice, 49 Va. App. 192, 204, 638 S.E.2d 702, 708 (2006) (quoting O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996)). Upon consideration of the record before us, we decline to award wife appellate attorney's fees and costs.

## IV. CONCLUSION

For these reasons, we affirm the trial court's judgment and deny wife's request for appellate attorney's fees and costs.

Affirmed.