## Richmond

### GROVE V. LEMLEY.

#### November 21, 1912.

1. LIMITATION OF ACTIONS—*Fraud and Mistake—When Statute Begins to Run—Law—Equity.*—In cases of mutual mistake and fraud, courts of law and courts of equity in this State apply different rules with respect to the defense of the statute of limitations. At law the statute runs from the date of settlement and payment, but in equity, if the plaintiff is without fault, the statute runs only from the discovery of the fraud or mistake. In the latter case, however, the complainant must have acted in good faith and with reasonable caution and diligence.

Appeal from a decree of the Circuit Court of Shenandoah county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*A. C. Stickley, R. T. Barton* and *M. L. Walton,* for the appellant.

*C. B. Guyer* and *Tavenner & Bauserman,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

On February 11, 1910, the appellant Grove brought an action of assumpsit against the appellee Lemley to recover an alleged over-payment for brick furnished and work and labor performed by Lemley under a building contract.

The contract was partly in writing and partly parol, and involved supplying and laying brick in a double store-house building which apellant was erecting in the town of Strasburg at a cost of about $10,000. The agreed price for brick was $9.00 per 1,000, solid measure, laid in the wall, side and front walls to be 18 inches plastered, and back wall 13 inches plain. A stone foundation 24 inches thick had been laid to receive these walls; and materials for the building, other than for brick work, were to be supplied by Grove, and the work done, with the above exception, under the supervision of his foreman. To this foreman the location and size of opening for doors and windows, partitions, walls and construction of the building generally was intrusted. There were eight pilasters on one side wall, nine on the other, and three in front. These pilasters were three feet wide with five-inch projection springing from an eighteen-inch horizontal wall resting on the foundation, and extending to an ornamental projection of equal thickness at the top of the walls. The intervening space consisted of a plain thirteen-inch wall, thus giving a panel effect to the side and front walls.

Lemley commenced the brick work about May 1, 1905, and completed it the latter part of September of that year. Grove made frequent payments as the brick work progressed, and, finally, when it was finished paid Lemley on September 26, 1905, the balance shown to be due by an estimate made by Lemley, with the assistance of the foreman, on the basis of an eighteen-inch wall. The foreman, however, disclaimed knowledge of the terms of the contract for brick work, or that he represented Grove in assisting in making the calculation.

In estimating the brick in the building, Lemley measured the walls as solid eighteen-inch walls without making deduction for recess panels, which resulted in the discrepancy of which Grove complains.

To the action of assumpsit the defendant pleaded non-assumpsit and the act of limitation; and the demand being barred at law, Grove filed a bill in equity in which he alleged that he was entitled under his contract to a twenty-inch wall, but did not discover that the entire side and front walls were not twenty inches thick until the spring of 1909, more than three years after the final settlement, and that he could not in the exercise of due diligence have discovered the mistake earlier; that his attention was first called to the fact that the walls were not actually eighteen inches thick by an insurance agent who visited the building in March, 1909, to solicit insurance thereon; and that this information led to an investigation by Grove and to the discovery of the over-payment to Lemley. The grounds of equity jurisdiction involved are mutual mistake, or fraud on the part of the defendant, and the prayer of the bill is that he be injoined from setting up the defense of the statute of limitations in the action of law; and for general relief.

Lemley controverted the contentions of the plaintiff, and insisted that the walls were built according to contract, and that the computation of brick furnished was in conformity with the custom of the trade.

At the final hearing the court disposed of the controversy on the merits on the equity side; and being of opinion that neither the charge of mutual mistake nor of fraud had been substantiated, dismissed both the action at law and the bill in equity.

The principle seems settled in Virginia that in cases of mutual mistake and fraud courts of law and courts of equity apply different rules with respect to the defense of the statute of limitations. The statute in such cases makes no exception, and in a court of law the limitation runs from the date of settlement and payment. *Lisky* v. *Paul,* 100 Va. 764, 767, 42 S. E. 875. But in a court of

equity a different rule prevails, and, when the plaintiff is without fault, the statute will be held only to run from the discovery of the fraud or mistake.

In 4 Minor's Inst. (3d ed.) 623, the doctrine is thus stated: "It seems to be agreed on all sides that, if the fraud has been known to the plaintiff, or with the exercise of reasonable diligence and observation might have become known to him, more than three years before the suit brought, the bar of the statute is not affected; and there is believed to be a like unanimity in favor of the proposition, that when the injury is accomplished by means of, or consists in, a fraud which is unknown to the plaintiff and could not reasonably have been expected to be known to him until within the period of limitation, a court of chancery will intervene to prohibit the defendant from pleading the statute, whether the fraud can be made available to repel the plea in a court of law or not; that is, chancery will regard the statute as beginning to run from the discovery of the fraud. And it is supposed that where the defendant has fraudulently prevented the discovery of the wrong, the weight of authority preponderates in favor of allowing that fact to be stated by way of replication in a court of law to the plea of the statute, as an effectual answer thereto."

But it will be observed that to avail of this equitable jurisdiction, the plaintiff must have acted in good faith and with reasonable caution and diligence. *Foster* v. *Rison,* 17 Gratt. (58 Va.) 322, 345; *Bickle* v. *Chrisman,* 76 Va. 679; 4 Minor's Inst. 622; 25 Cyc. 1216.

In *Redford* v. *Clark,* 100 Va. 115, 40 S. E. 630, it was held: "He who would repel the imputation of laches on the score of ignorance of his rights, must be without fault in remaining so long in ignorance of those rights. Indolent ignorance and indifference will no more avail than will voluntary ignorance of one's rights." See also *Foster* v.

*Mansfield, &c. Ry. Co.,* 146 U. S. 99, 36 L. Ed. 899, 13 Sup. Ct. 28.

In this case Grove was a mature man of business, who for many years had been a large and successful merchant in the town of Strasburg. His place of business was located diagonally across the street from the new building, in plain view and only one hundred feet away. He visited the new building occasionally while in course of construction, and had every opportunity of ascertaining what, with the exception of himself, seems to have been common knowledge to those connected with the work. Beside, we are told that, after having occupied the building for several years, his ignorance of the thickness of the walls continued until he was enlightened on the subject by an insurance agent, a stranger to the town and building, who called upon him, *on one occasion only,* to solicit insurance. One may not close his eyes in this manner to what is obvious to a casual observer, and still be heard to complain that he does not see.

But the record shows that Grove had actual knowledge that the main body of the walls of the building were to be thirteen inches thick. In his written order for window and door frames it is *many times* repeated that they are for a thirteen-inch brick wall. This bill was gone over with Grove and his foreman by the secretary and treasurer of the company with whom the order was placed, and was thoroughly understood by all.

We, therefore, concur in the findings of fact by the learned circuit court, that the evidence fails "to substantiate the charges of fraud and mutual mistake."

The decree appealed from is plainly right and must be affirmed.

*Affirmed.*