# 𝔖taunton

## MARSTELLER v. WARDEN & HAILEY.

### September 11, 1913.

#### Absent, Keith, P.

1. EVIDENCE—*Written Contract—Incomplete—Parol Evidence as to Omitted Terms.*—In a written contract for the construction of the walls of a church, and also the walls of a tower, a stipulation "that the walls of the tower shall correspond with the walls of the church" applies to and controls the quality, finish and appearance of the material to be used, so as to maintain uniformity of aspect between different portions of the same structure, and does not control the thickness of the tower wall. The contract, so far as it relates to the thickness of the tower wall, is incomplete on its face, and parol evidence is admissible to show what the real contract between the parties was on that subject.

2. EVIDENCE—*Written Contract—Incomplete—Parol Evidence.*—The rule excluding parol evidence to vary a written contract has no application when it is apparent from the writing itself that it does not embody the entire agreement. In such case, the writing being incomplete, it must be supplemented by other evidence, not to contradict or vary its terms, but to establish the real contract between the parties.

3. JURISDICTION—*Contracts Partly Written.*—While courts of equity alone have jurisdiction of suits for the reformation of contracts, the jurisdiction of courts of law for the enforcement of contracts partly in writing and partly parol is unquestioned.

4. DAMAGES—*Excessive—Verdicts.*—The verdict of a jury will not be set aside as excessive where the plaintiff's recovery is much less than the amount claimed in his bill of particulars, and the amount and correctness of the items claimed are dependent upon conflicting views of the evidence.

Error to a judgment of the Law and Chancery Court of the city of Roanoke in an action of assumpsit. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*A. E. King* and *Poindexter & Hopwood,* for the plaintiff in error.

*Jackson & Henson,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

J. K. Warden and A. J. Hailey recovered a judgment for $2,000 against J. H. Marsteller (doing business as Marsteller Granite Works) in an action of assumpsit on a building contract.

The trustees of St. Paul's Episcopal Church in Lynchburg, Virginia, made a contract with J. P. Pettyjohn for the erection of a parish house and the completion of an unfinished tower on the main building. The building was constructed of "Peak Creek" stone, taken from quarries in Pulaski county, Virginia. Pettyjohn sublet the principal part of the work to the defendant Marsteller, who, in turn, let the stone work to the plaintiffs, who were owners of a "Peak Creek" stone quarry and experienced workmen. The defendant's place of business was in Roanoke, but a branch establishment was maintained in Lynchburg under the management of C. G. Loving. Negotiations were opened between Loving and the plaintiffs touching this work which culminated on September 16, 1910, in a written offer by the plaintiffs to furnish "Peak Creek" stone and erect the parish house for $7,459; and to supply the stone and complete the tower, according to specifications and drawing, of the following dimensions: "32 feet high, 20 x 20 feet, walls to be 1.6 (one foot six inches) "thick," for $3,099.00. On October 17, 1910, there was a written acceptance of this proposition by Loving. Two days later the attorney for the plaintiffs undertook to reduce the

agreement to writing, and the paper prepared was duly signed by the parties. The plaintiffs promptly commenced work on the parish house, and after having completed that building were ready to proceed with work on the tower. To that end they had already gotten out and delivered on the ground a quantity of stone suitable for the tower, when they discovered the original pencil sketch of the work upon which their bid was predicated had been mislaid. Thereupon, the plaintiffs called for plans and specifications for the completion of the tower, which were made and furnished by the defendant about June 10, 1911. An examination of these plans showed that they called for tower walls twenty-six inches thick, while, as stated, the written proposal of the plaintiffs, which was accepted by the defendant, provided for an eighteen inch wall. This discrepancy seems to have been the origin of the misunderstanding and bone of contention between the parties. No mention was made in the written contract of the thickness of the tower walls, and therefore the insistence of the plaintiffs was that the instrument was incomplete on its face, and that parol evidence was admissible to show the true agreement of the parties on the subject.

The countervailing theory of the defendant is that the stipulation in the contract, "that the walls of the tower should correspond with the walls of the church," covered the point in dispute as to the thickness of the tower walls; that the contract in that respect was complete on its face, and consequently that the alleged omitted language, that the walls were to be eighteen inches thick, could not be read into it. This pretension on behalf of the defendant pervades the entire case, and was urged at every stage of it—by demurrer to the declaration, by objection to the admissibility of evidence, and by instructions to the jury.

The law and chancery court resolved the proposition in favor of the plaintiff, and tried the case on that theory;

and that ruling, in its various phases, is assigned as error and is relied on to reverse the judgment. It constitutes the controlling question in the case, and if correctly decided by the trial court renders the discussion of subordinate assignments, which could in no event affect the general result, unnecessary.

The language relied on and quoted by the defendant as showing the thickness of the tower walls, namely, "that the walls of the tower should correspond with the walls of the church," in the connection in which it occurs, was evidently intended to apply to and control the quality, finish and appearance of the material to be used so as to maintain uniformity of aspect between different portions of the same structure; but it plainly does not supply the omitted stipulation, that the tower walls were to be eighteen inches thick. The overwhelming weight of the evidence shows that the true contract between the parties called for an eighteen inch wall, and that the omission of that provision from the contract was the result of inadvertence on the part of the scrivener. Besides, the verdict of the jury has settled that question and all other controverted issues of fact in favor of the plaintiffs.

The principle of law applicable to the question under consideration is well settled.

In *Farmers Manufacturing Co.* v. *Woodworth,* 109 Va. 596, the court, at page 601, 64 S. E. 986, at page 988, observes: "The rule of exclusion of parol evidence has no application when it is apparent from the writing itself that it does not embody the entire agreement. In such case, the writing being incomplete, it must be supplemented by other evidence, not to contradict or vary its terms, but to establish the real contract between the parties."

It does not involve the doctrine of reformation of contracts, of which courts of equity alone have cognizance; but applies where the contract is partly in writing and partly

parol.  The jurisdiction of courts of law in the latter class of cases is unquestioned.  *Grove* v. *Lemley,* 114 Va. 202, 76 S. E. 305.

Considering the last assignment as upon a demurrer to the evidence, the verdict of the jury cannot be disturbed upon the ground that it is excessive.  The bill of particulars filed with the declaration is largely in excess of the damages awarded, and the amount and correctness of the items claimed are dependent upon conflicting views of the evidence, and have been settled by the jury.

*Affirmed.*