# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## CALVIN J. YOUNG v. H. M. SCHRINER.

January 16, 1950.

Record No. 3540.

Present, All the Justices.

The opinion states the case.

*James G. Martin* and *James G. Martin, IV*, for the plaintiff in error.

*Hillard & Hillard*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Under date of August 30, 1944, Estabrook Park Corporation and Calvin J. Young entered into a written contract whereby the corporation agreed to sell to Young, and he agreed to buy from it, a house and lot in Estabrook Park, a development in Norfolk county. The agreed purchase price was $4,645, of which $200 was paid in cash at the time of the execution of the contract, $4,030 was represented by the assumption of a first-mortgage loan made through the Federal Housing Administration, and the balance of $415 was to be paid in monthly installments over a period of thirty-six months. Under the terms of the contract a deed was to be delivered upon the completion of the monthly installment payments.

On July 31, 1947, before Young had completed the monthly payments, and before he had gotten a deed to the property, he and his wife assigned their rights to H. M. Schriner by the following writing:

"Norfolk, Virginia

"July 31, 1947

"For value received, the above contract is hereby assigned to H. M. Schriner, and the Vendor is instructed to apply all payments made by the undersigned to the account of said H. M. Schriner.

"WITNESS THE FOLLOWING SIGNATURES AND SEALS, THIS 31st DAY OF JULY, 1947.

"Calvin J. Young      (Seal)

"Mrs. Avis L. Young (Seal)"

At the same time Schriner executed the following memorandum:

"Norfolk, Virginia

"July 31, 1947

"It is understood and agreed that the bal. oweing on the property known as 4316 Davis St. will be paid off in full and that Mr. Young will not be further responsible for the payments on the loan, after he moves from the property.

H. M. Schriner"

Both parties agree that at the time these papers were signed Schriner paid Young the sum of $600 in cash, for which Young gave a written receipt in which he agreed to vacate the property "not later than sixty days from this date."

In the meantime Young had obtained through local banks two F. H. A. loans, on one of which there was a balance due of $1,126.75 at the time the Youngs vacated the property. While these loans were not secured by liens on the property they were obtained pursuant to federal regulations upon the understanding that the proceeds were to be used in improving the property, and it is undisputed that they were so used.

When Schriner took possession of the property he refused to pay the balance due on these F. H. A. loans, claiming that

they did not come within the terms of the contract pursuant to which he had acquired the Youngs' interest in the property. Thereupon this suit was instituted by Young to recover this balance from Schriner.

Over the objection of counsel for the defendant, Schriner, both Young and his wife testified that at the time they sold their interest in the property to Schriner, it was understood and agreed that Schriner would pay off these unsecured loans due the banks as well as the mortgage of record on the property.

Counsel for the defendant, Schriner, objected to this testimony on the ground that it was at variance with the terms of the written contract between the parties and that such evidence was not admissible under the parol evidence rule. Subject to this objection, Schriner testified that he had never agreed to assume and discharge these F. H. A. improvement loans, and that the total consideration for the assignment was the payment by him (Schriner) to Young of the sum of $600 in cash and the assumption of the recorded mortgage.

Under proper instructions the issue was submitted to the jury which found a verdict for the plaintiff, Young, for the sum of $1,126.75. Being of opinion that the parol evidence with respect to the assumption of the F. H. A. loans was inadmissible, and there being no other evidence on which the verdict could be sustained, the lower court set it aside and entered a final judgment for the defendant, Schriner. To review that judgment the present writ was allowed.

In our opinion the oral testimony was admissible. The written evidence of the contract between the parties consisted of the assignment, together with the contract therein referred to, signed by the Youngs, the receipt for $600, likewise signed by the Youngs, and the memorandum signed by Schriner. None of these documents recites or states the full consideration moving from Schriner to Young for the assignment.

The assignment states that it was given "for value received." The receipt merely acknowledges or recites that

the Youngs have received from Schriner $600 for their "equity" in their contract with the Estabrook Park Corporation.

The memorandum signed by Schriner, by which he agreed to assume certain obligations which Young had incurred with respect to the property, carries nothing on its face to show that such assumption is a part of the consideration for the assignment. In short, the writings do not embody or purport to embody a statement of the full consideration for the assignment.

It is well settled that in this situation the parol evidence rule does not exclude parol or extrinsic evidence of the full consideration. The effect of such parol or extrinsic evidence is not to contradict or vary the terms of the writing, but to establish the essential part of the contract which is not embodied or intended to be embodied therein. *Farmers Mfg. Co.* v. *Woodworth*, 109 Va. 596, 601, 64 S. E. 986; *Marsteller* v. *Warden*, 115 Va. 353, 356, 79 S. E. 332; *Shockey* v. *Westcott*, 189 Va. 381, 389, 53 S. E. (2d) 17, 20.

In the receipt signed by the Youngs the recital as to the consideration is merely an acknowledgment that a stated sum has been paid, and is not a contractual term of the written contract. Hence, the parol evidence rule does not exclude extrinsic evidence of the true consideration. *Richeson* v. *Wood*, 158 Va. 269, 276, 163 S. E. 339, 82 A. L. R. 1189; *Wood* v. *Southern Shale Brick Corp.*, 173 Va. 364, 369, 4 S. E. (2d) 360, 363.

Moreover, the memorandum signed by Schriner does not set forth in clear and unambiguous language just what obligations he is assuming. He agrees "that the bal. oweing on the property * * * will be paid off in full and that Mr. Young will not be further responsible for the payments on the loan, after he moves from the property."

Does "the bal. oweing on the property" refer only to the mortgage on the property, as Schriner contends, or does it include the F. H. A. improvement loans, as Young con-

tends? If the parties had intended by this language to include only the mortgage or recorded lien on the property, why did they not say so? The evidence discloses that the memorandum was written by Schriner, who is an experienced real-estate man, and, of course, knew the difference between a mortgage and a mere balance owing on property.

Again, while the debts to the banks were not secured by liens on the property, the money was borrowed for the purpose of making improvements thereon and was required by the government regulations to be so expended, and was in fact so applied. It might very well, then, be said that the debts so incurred were owing on the property. Certainly, the matter is not free from doubt.

There is a like uncertainty as to the meaning of the "payments on the loan," of which Young was to be relieved.

It is elementary that where the terms of a contract are thus susceptible of more than one interpretation, or an ambiguity exists, or the extent and object of the contract cannot be ascertained from the language employed, "parol evidence may be introduced to show what was in the minds of the parties at the time of making the contract and to determine the object on which it was designed to operate." 20 Am. Jur., Evidence, section 1147, p. 999.

Under both aspects of the case, to show the real consideration for the assignment, and to explain the ambiguity in the writing, parol evidence was admissible.

Since the evidence adduced on behalf of the plaintiff, Young, was amply sufficient to sustain the finding of the jury that the defendant, Schriner, had agreed to assume Young's liability to the bank for the unpaid balance due on the F. H. A. loan, the lower court erred in setting aside the verdict. Consequently, the judgment under review will be reversed and final judgment will be entered on the verdict of the jury, with interest thereon from December 8, 1948, that being the date of the verdict.

*Reversed and final judgment.*