## CIRCUIT COURT OF STAFFORD COUNTY

Vernest M. Wilkins
and Eva W. Ladrey,
Administratrix of
the Estate of Estelle Wilkins

v.

Theresa W. Williams,
James Edward Wilkins,
Rebecca Tibbs Wilkins,
and All Unknown Heirs

February 9, 1990

Case No. (Chancery) 71-89

By JUDGE JAMES W. HALEY, JR.

This bill seeks to quiet title to 17.504 acres in Stafford County.

Estelle Wilkins and then her husband (Leon) Quess Wilkins died intestate in 1941 survived by six children and seized of six separate properties, five of which were located in the City of Alexandria, and the sixth being the Stafford parcel here involved.

In a partition suit in 1942 in Alexandria, *all* of the six children entered into a written stipulation as follows:

It was the intention of Quess Wilkins before he died to make a will. He called his daughter, Mrs. Eva W. Ladrey, and his son, Leon G. [sic] Wilkins a few days before he died and told them how he wanted his property divided among his

children. He died November 29, 1941, before the will could be executed. We the undersign [sic] heirs-at-law of Quess Wilkins, our father, do hereby agree to have the property divided just as our deceased father, Quess Wilkins desired before his death, and it is our expressed desire to do by the Will that he intended to make.

A 1943 decree confirming the Commissioner's Report in that cause transferred the five Alexandria properties to five of the heirs in kind and recited it was so done "by [the] written stipulation . . . [and] . . . based upon the testimony of the heirs as being a proper division of the estate according to their father Quess Wilkins desires . . . ."

*One* of the six children, Leon Quess Wilkins, Jr., received *no* property in the partition suit, and the Stafford parcel was neither mentioned nor alluded to in that proceeding.

Vernest M. Wilkins, the widow of Leon Quess Wilkins, Jr. (the couple were childless) is the only individual claiming, and who could claim, an interest in the Stafford parcel through Leon Quess Wilkins, Jr.

As a result of voluntary conveyances to Vernest M. Wilkins and the extinguishment of other interests by operation of law, the Commissioner properly found without exception taken that the *legal* title in the Stafford property was vested as four-fifths in Vernest M. Wilkins and one-tenth each in James Edward Wilkins and Theresa W. Williams, both of whom assert their interests as descendants from their father, James H. Wilkins, a signatory to the written stipulation.

Eva Wilkins Ladrey and Mayme K. Wilkins Holt, signatories to the stipulation, each testified before the Commissioner in this cause that it was the desire of both their parents, and the understanding and agreement of each of the six siblings who signed the stipulation that the seventeen acres in Stafford was to go to Leon Quess Wilkins, Jr. (Tr. pp. 23-23, 58-60, 64-65, 104-105, 115).

The real estate tax bill for the Stafford property has always been sent to the address of Leon Quess Wilkins, Jr., and it was he who paid it (Ex. 7). It was Leon Quess Wilkins, Jr., alone who harvested timber from the Stafford

property, maintained and checked on the Stafford property, and exercised any dominion over the Stafford property. (Comm'r. Rpt. p. 13). Prior to 1986, no signatory to the stipulation (except Leon Quess Wilkins, Jr.) asserted any interest in the property. Moreover, Respondent, Theresa W. Williams, acknowledged she had no knowledge of the property or the possibility she had any interest in it until she happened to see a real estate tax bill in her grandmother's name. (As noted above, it was sent to and paid by Leon Quess Wilkins, Jr.).

Invoking the equity jurisdiction of the court in this type of proceeding,[1] the Commissioner found that parol evidence was admissible to determine the "entire agreement" imperfectly memorialized by the written stipulation, that the stipulation was a contract supported by consideration between the parties (*i.e*, the mutual waiver of interest in the various parcels of real estate), that the stipulation met the requirements of the Statute of Frauds, that since the execution of the stipulation, Leon Quess Wilkins, Jr. (and now his heir) had equitable title to the entire property (accompanied by the present four-fifths legal title), and that the doctrine of equitable conversion supported his recommendation the balance of one-fifth of the legal title be vested in Vernest M. Wilkins alone.

Respondents' only exception to the Commissioner's Report was the Commissioner's admittance of parol evidence concerning the written stipulation. Respondents argue, correctly, that in the absence of such evidence: (1) legal title must be vested in the Stafford property in the four-fifths, one-tenth, one-tenth ratio, as the Commissioner found, and (2) exercise of the doctrine of equitable conversion would be without evidentiary support.

---

[1] Section 55-153 states in part: "relief shall not be denied the complainant because he has only an equitable title . . . but the Court shall grant to complainant such relief as he would be entitled to if he held the legal title . . ."

### 1. *Parol Evidence*

It should be noted that the written stipulation does not *by its terms* restrict itself to that portion of (Leon) Quess Wilkins's property located in the City of Alexandria. As such, it does not follow that simply because it was applied and amplified by parol evidence in the 1942-1943 partition suit which dealt only with property in the City of Alexandria, it had no application to other property owned by (Leon) Quess Wilkins.

It should further be noted that the parol evidence considered by the Commissioner does not alter, vary, contradict, or add to the terms of the written stipulation.

In *Young v. Schriner*, 190 Va. 374, 379, 57 S.E.2d 33, 35 (1950), the Virginia Supreme Court stated:

> It is elementary that where the terms of a contract are thus susceptible of more than one interpretation, or an ambiguity exists, or the extent and object of the contract cannot be ascertained from the language employed, parol evidence may be introduced to show what was in the minds of the parties at the time of making the contract and to determine the object on which it was designed to operate.

The object of the written stipulation was to memorialize the parties' agreement to divide the property "as our deceased father, *Quess Wilkins*, desired . . . ." The stipulation does not express that desire, and therefore, that desire cannot be known or honored in the absence of parol evidence. It is for that reason the Commissioner properly heard the parol evidence, and the exception to his decision to do so is overruled.

### 2. *Equitable Conversion*

> The principle upon which the doctrine of equitable conversion is founded is that a court of equity . . . considers things agreed to be done as having been actually performed. Vol. 7A, M.J. *Equitable Conversion*, § 2, at 190 (1985 ed.)

*See also, Clay v. Landreth*, 187 Va. 169, 45 S.E.2d 875 (1948).

The evidence in this cause supports the conclusion that it was the desire of (Leon) Quess Wilkins as expressed to his children and agreed to by them in 1942 that Leon Quess Wilkins, Jr., receive the seventeen acres in Stafford County as his portion of his father's property.

Accordingly, the exception to the Commissioner's Report on that point is overruled.

### 3. *Other Matters*

A. The payment of the court reporter by the Commissioner in the amount of $577.20 from the $3,000.00 advanced ($1,500.00 each) by the parties is approved.

B. Reimbursement from those funds advanced is ordered in the amount of $50.00 to the Commissioner for courier charges.

C. A Commissioner's fee from those funds in the amount of $2,040.00 is approved and ordered paid.

D. The parties hereto are each to bear their costs and attorneys' fees, except the balance of $332.80 remaining from funds advanced is ordered paid to the plaintiffs as the prevailing parties.

Counsel for the plaintiffs shall prepare a Decree incorporating the court's ruling, which Decree shall recite that plaintiffs are given judgment against all parties, including those served by Order of Publication, and which Decree shall recite that title to the property which is the subject of this cause is confirmed in Vernest M. Wilkins.